STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-05
SKS - KEN- 11 |6|2000

AQUA-TECH MARINE
CONSTRUCTION and
THE TRAVELERS
INSURANCE COMPANY,

Plaintiffs/Petitioners

v.

**DECISION ON APPEAL**

JOHN MULLETT,

Defendant/Respondent

This matter comes on for hearing on a petition seeking review of final agency action pursuant to 5 M.R.S.A. § 11002 and M.R. Civ. P. 80-C of a decision of the Workers' Compensation Board. This decision by the Board concerns the extent to which respondent Mullett should have to repay "any compensation" he received under the Act as a result of his fraud. Mullett entered an appearance and objection to the petitioner but filed no brief and failed to appear for oral argument. The Board was notified of the petition, but entered no appearance.

## Background

The background of this appeal is quite simple. Mullett defrauded Aqua-Tech and The Travelers by receiving workers' compensation benefits for a knee injury which he claimed had occurred at work. In fact, the knee injury was in no way related to Mullett's work. The Board's findings of fact included the following:

As a result of this fraud, the Employer and its insurance carrier, The

1

Travelers Insurance Company, paid a total of $121,286.71 in workers' compensation benefits to Mullett and litigation expenses occasioned by Mullett's fraud. This total includes $66,993.02 for indemnity benefits, $10,958.28 for medical benefits, $8,176.62 for fees paid to Mullett's attorneys, and $35,158.79 for expenses and fees paid to defense counsel for defense of the fraudulent claim and for prosecuting [various actions before the Board].

In its final order, the Board required that Mullett "repay all compensation benefits he received as a result of his fraud and intentional misrepresentation," which the Board found to be the $66,993.02 attributable to indemnity benefits. The petitioner argues that the Board made a mistake of law and that it should have ordered additional repayment for medical benefits and Mullett's legal fees. The court agrees in part.

## Discussion

The issue before the court is interpretation of 39-A M.R.S.A. § 360(2) which states, in part:

> The board may also require that person [who has committed fraud or intentional misrepresentation] to repay any compensation received through a violation of this Act, fraud, or intentional misrepresentation.

Award of the repayment is discretionary with the Board, but once the Board has chosen to exercise its discretion, the question becomes an issue of law as to what payments are included in the category "any compensation." Although the Board did not provide any elaboration on its award, it appears that the Board may have felt itself legally constrained from awarding any repayment other than what it characterized in its findings to be "indemnity benefits." If this is the Board's interpretation, the court concludes that it is too narrow.

2

The clear legislative intent behind section 360(2) is to allow the Board to prevent the perpetrator of a fraud such as Mullett from benefitting from his ill-gotten gains and to make the employer/insurer whole. The weekly benefit checks which the employee would cash and put in his pocket are clearly direct economic benefits which should be disgorged. By the same token, payment of medical bills and attorney's fees, although not so direct, are nevertheless economic benefits to the employee and the court sees no reason why they should not be included along with the weekly checks under the category of "any compensation" for purposes of section 360. This interpretation would appear to be consistent with legislative intent to crack down on fraud and abuse, as shown in its creation of an "abuse investigation unit" pursuant to 39-A M.R.S.A. § 153(5).

Since the imposition of repayment is discretionary with the Board and it is uncertain from the Board's decision what reading it gave the provisions of section 360, the court will vacate that portion of the Board's order dated October 28, 1999, which concerns repayment and remand the matter to the Board for further consideration, as necessary, consistent with this decision.

The entry will be:

> Appeal GRANTED: Order of the Workers' Compensation Board of October 28, 1999, paragraph 1 VACATED and REMANDED to the Board for further proceedings consistent with this opinion.

Dated: November  6  , 2000

S. Kirk Studstrup
Justice, Superior Court

3

Date Filed __1/27/00__ __Kennebec__ Docket No. __AP00-05__

County

Action __Petition for review__

J. STUDSTRUP

DONALD L. GARBRECHT
LAW LIBRARY

NOV 14 2000

Aqua-Tech Marine Construction, et al    vs. John Mullett

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Richard F vanAntwerp Esq<br>12 Portland Pier<br>PO Box 568<br>Portland Me 04112 | John Mullett (2/11/00)<br>RR 2 Box 2403<br>Belfast Me 04915<br><br>-John Rohde Esq. (Workers Comp. Board)<br>27 State House Sta.<br>Augusta Maine 04333 |

| Date of Entry | |
|---|---|
| 1/27/00 | Petition for review of final agency action pursuant to 5 MRSA section 11002 filed. s/vanAntwerp Esq<br>Motion for leave to file petition for review of final agency action filed. s/vanAntwerp Esq |
| 2/3/00 | MOTION FOR LEAVE TO FILE PETITION, Studstrup, J.<br>Motion granted.<br>Copies mailed to atty. |
| 2/11/00 | Letter advising the Court that Atty Trainor does not represent Mr Mullett filed. s/Trainor Esq |
| 2/18/00 | Letter dated Feb 9, 2000 in answer to the appeal filed by Atty vanAntwerp filed. s/Mullett.<br>Letter informing the Court clarifying letter dated Feb 9, 2000 filed. s/Mullett. |
| 2/22/00 | Administrative record filed. s/Rohde Esq **(FILED IN VAULT DRAWERS-3 VOLS** |
| 2/23/00 | Notice of briefing schedule mailed to attys of record and Dft. Mullett. |
| 4/3/00 | Petitioners' Appellate Brief on Petition for Review of Final Agency Action, Pursuant to 5 M.R.S.A. 11002, filed. s/Antwerp, Esq. |
| 9/11/00 | Letter from attorney Van Antwerp inquiring as to status of oral arguments being scheduled. (filed on 9/8/00) |
| 10/4/00 | Letter from attorney VanAntwerp inquiring as when case might be scheduled. |
| 10/31/00 | Letter from attorney Collier indicating that neither him or attorney Rohde will be present at the hearing on 11/2/00. |
| 11/2/00 | Hearing had with Hon. Justice Kirk Studstrup, presiding.<br>Richard VanAntwerp, Esq. for the Plaintiff and John Mullett, Pro Se Deft.<br>not present.<br>Oral argument made to the court.<br>Court to take matter <u>under advisement</u>. Court to issue Order. |